**\*E-FILED 6/8/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD HUDSON,<br><br>    Plaintiff,<br>v.<br>JOSEPH FREITAS, et al.,<br><br>    Defendants.      / | NO. C-05-03015 RS<br><br>**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 5** |

Before the Court is Defendants' Motion in Limine No. 5, filed May 31, 2006. The motion seeks to exclude any reference to, or admission of, documents relating to any Internal Affairs investigations regarding defendant Officer Freitas. Based on the motion, plaintiffs' written opposition, and the record herein, the motion will be GRANTED.

The documents at issue relate to two incidents in which citizens made accusations that Officer Freitas exercised excessive force in the course of making arrests. Although the general circumstances of the incidents described in the documents have some commonalities with the incident at issue in this action, the similarities primarily are those that might be found in almost any arrest involving some degree of resistance and force. No particular details of any significance are similar, nor are the overall circumstances markedly close. In both instances, the Internal Affairs investigations concluded that Officer Freitas had *not* exercised excessive force.

In general, a four part test applies when determining the admissibility of evidence of similar prior or subsequent incidents: "(1) there must be sufficient proof for the jury to find that the defendant committed the other act, (2) the other act must not be too remote in time, (3) the other act must be introduced to prove a material issue in the case, and (4) the other act must, in some cases, be similar to the offense charged." *Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000). Even if this test is satisfied, the evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* at 1133. In weighing the matter, a legitimate concern is whether introducing evidence regarding the other incidents will require, in effect, a "trial within the trial" The Ninth Circuit has further observed that in an excessive force case, "[t]he question to be resolved was whether, objectively, [the officer's] use of force had been excessive. [citation] [The officer's] past conduct did not bear on that issue." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993).

Under these standards and circumstances, evidence relating to the prior incidents will not be admitted. This ruling is without prejudice to further consideration of the admissibility of such evidence should any testimony of Officer Freitas or another witness give rise to circumstances where the evidence might become admissible for some other purpose.

IT IS SO ORDERED

Dated: June 8, 2006

RICHARD SEEBORG
United States Magistrate Judge

2

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Michael J. Dodson     cao.main@sanjoseca.gov

Anthony E. Pagkas     pagkas@yahoo.com, cdanjou@gmail.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: June 8, 2006**                                                                 **Chambers of Judge Richard Seeborg**

**By:**         **/s/ BAK**